UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEMI ARROYO,

    Plaintiff,

v.                                   CASE NO.: 8:10-cv-911-T-23TBM

GRADY JUDD as SHERIFF OF POLK
COUNTY, FLORIDA, and MAJOR
SALYBAUGH,

    Defendants.
_____/

**ORDER**

The plaintiff sues (Doc. 7) under 42 U.S.C. § 1983 ("Section 1983") and alleges a deprivation of the plaintiff's constitutional rights. The defendants move to dismiss (Doc. 8) and argue (1) that the complaint includes impermissibly vague and conclusory allegations without any factual basis; (2) that the claim against Major Salybaugh in his "official capacity" amounts to a claim against the municipality; (3) that qualified immunity protects Major Salybaugh even if the plaintiff sues Major Salybaugh in his individual capacity; and (4) that the plaintiff fails to state a claim against Sheriff Judd, because the complaint lacks an allegation that the municipality's official policy served as the "moving force of the constitutional violation."

<u>Allegations of the Complaint</u>

On January 30, 2009, the defendants detained the plaintiff, a Mexican national, because the plaintiff violated the terms of his probation. On March 9, 2009, "Reed

Surety" posted the full amount of the plaintiff's bond, but the defendants refused to release the plaintiff from custody. On March 11, 2009, the plaintiff's counsel contacted the defendants and requested that the defendants release the plaintiff on bond. The defendants declined to "release the plaintiff irrespective that Reed Surety posted plaintiff's bond due to an immigration hold placed on plaintiff by agents of the U.S. Immigration and Customs Enforcement (ICE)." The defendants also stated that "it was the custom and policy of the Polk County jail and Sheriff Grady Judd to detain inmates . . . when the inmate is not a U.S. citizen and subject to an ICE hold."

The plaintiff's counsel notified the defendants that detention of the plaintiff constituted a "violation of federal regulations and [the plaintiff's] U.S. Constitutional rights." In response, the defendants again replied that, once an immigration hold occurs, "it is [the defendants'] policy, custom, and usage to continue to hold non-citizen inmate persons, and to release them only to ICE officials." The defendants released the plaintiff to ICE officials on March 13, 2009.

## Discussion

In suing under Section 1983, the plaintiff alleges the "deprivation of . . . rights . . . secured by the Constitution and laws . . . " including the rights to equal protection and due process, among others. The complaint exemplifies a "shotgun pleading." A shotgun pleading characteristically merges "multiple claims together in one count and . . . appears to support a specific, discrete claim with allegations that are immaterial to that claim." Ledford v. Peeples, No. 06-10715, 2010 WL 1796568 at *11 (11th Cir. May 6, 2010). By submitting an ambiguous shotgun pleading to the court, a party

causes an "immense and unnecessary expenditure of resources." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001). Additionally, a "shotgun" complaint violates Rule 10(b), Federal Rules of Civil Procedure, which directs a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." In this action, the complaint "is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact or intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F3d 364, 366 (11th Cir. 1996).

Within a single count, the plaintiff alleges that the defendants' detaining the plaintiff in excess of forty-eight hours violated 8 C.F.R. § 287.7(d). The plaintiff appears to allege also that the defendants' conduct amounted to an "illegal seizure" in violation of the Fourth Amendment. Additionally, the plaintiff alleges a violation of his Fifth and Fourteenth Amendment rights to due process and equal protection. The plaintiff claims violation of his due process and equal protection rights under the Florida Constitution as well. The plaintiff alleges a "privileges and immunities" violation but offers no additional facts supporting the claim. In fact, the plaintiff leaves this "claim" entirely undeveloped and uses the phrase "privileges and immunities" interchangeably with "rights." The plaintiff neither alleges facts to demonstrate a violation of a constitutional right nor specifies what type of due process violation occurred. The plaintiff consolidates every alleged constitutional violation into a single count, "Count I," which incorporates the previous allegations in the complaint. The complaint typifies a deficient and impermissible method of pleading.

Conclusion

Because the complaint fails to comply with Rule 10, Federal Rules of Civil Procedure, and amounts to an impermissible "shotgun" pleading, the motion to dismiss (Doc. 8) is **GRANTED**. No later than **June 28, 2010**, the plaintiff may file an amended complaint consistent with the minimum pleading requirements, which complaint (1) states each claim in a separate count (e.g., a count alleging a due process violation, a count alleging an equal protection violation, a count alleging a violation of the right to due process under state law, etc.); (2) describes separately each fact or event on which the plaintiff relies to state each claim against each defendant; and (3) provides more than legal conclusions.[1] Failure to comply with this order will result in dismissal without further notice.

ORDERED in Tampa, Florida, on June 15, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] See Aisenberg v. Hillsborough Co. Sheriff's Office, 325 F. Supp. 2d 1366, 1381(M.D. Fla. 2004) (finding that "[a] valid civil rights claim, especially when defended with immunity, requires more than conclusions.").