UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEMI ARROYO,

    Plaintiff,

v.                                             CASE NO.: 8:10-cv-911-T-23TBM

GRADY JUDD as SHERIFF OF POLK
COUNTY, FLORIDA, and MAJOR
SALYBAUGH,

    Defendants.
_____/

**ORDER**

The plaintiff sues (Doc. 12) pursuant to 42 U.S.C. § 1983 ("Section 1983") and alleges that the defendants (1) deprived the plaintiff of the "right to be protected against unreasonable seizure of his person" in violation of the Fourth Amendment; (2) deprived the plaintiff of due process in violation of the Fourteenth Amendment; and (3) deprived the plaintiff of equal protection of the laws in violation of the Fourteenth Amendment. The defendants move to dismiss (Doc. 13) and argue (1) that the claim against Major Salybaugh in his "official capacity" amounts to a claim against the municipality and (2) that the plaintiff fails to state a claim against Sheriff Judd because the complaint lacks an allegation that the municipality's official policy served as the "moving force of the constitutional violation." The motion is "unopposed." See Local Rule 3.01(b).

### Allegations of the Complaint

On January 30, 2009, the defendants detained the plaintiff, a Mexican national, because the plaintiff violated the terms of his probation. On March 9, 2009, "Reed Surety" posted the plaintiff's bond, but the defendants refused to release the plaintiff from custody. On March 11, 2009, the plaintiff's counsel contacted the defendants and requested that the defendants release the plaintiff on bond. The defendants declined to release the plaintiff "irrespective that Reed Surety posted plaintiff's bond due to an immigration hold placed on [the] plaintiff by agents of the U.S. Immigration and Customs Enforcement (ICE)." The defendants also advised the plaintiff's counsel that "it was the custom and policy of the Polk County jail and Sheriff Grady Judd to detain inmates . . . when the inmate is not a U.S. citizen and subject to an ICE hold."

The plaintiff's counsel responded by stating that detention of the plaintiff constituted a "violation of federal regulations and [the plaintiff's] U.S. Constitutional rights." The defendants again replied that, once an immigration hold occurs, "it is [the defendants'] policy, custom, and usage to continue to hold non-citizen inmate persons, and to release them only to ICE officials." The defendants released the plaintiff to ICE officials on March 13, 2009.

### Discussion

A claim against a county sheriff in his official capacity is effectively a suit against the county. <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe County</u>, 402 F.3d 1092, 1115-16 (11th Cir. 2005). "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat [s]uperior

or vicarious liability will not attach under § 1983." City of Canton v. Harris, 489 U.S. 378, 385 (1989).[1]  Municipal liability arises only if the municipality maintains an unconstitutional policy or custom which serves as the "moving force of the constitutional violation." Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978).

A plaintiff may establish the existence of a policy or custom in one of five ways. A municipality may incur liability for a "decision by its properly constituted legislative body." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).  An action by a municipal agency that exercises authority delegated by the municipal legislative body may constitute a policy or custom.  See Monell, 436 U.S. at 658 (finding that conduct in accord with regulations adopted by the Department of Social Services and the Board of Regulations "unquestionably involve[d] official policy.").  "[M]unicipal liability under [Section] 1983 attaches [if] . . . a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."[2]  Pembaur, 475 U.S. at 483-84. Failure to train constitutes a policy if "the need for more or different training [is] so obvious, and the inadequacy so likely to result in the violation of constitutional rights" that the failure to train amounts to deliberate indifference to a constitutional right.  City of Canton v. Harris, 489 U.S. 378, 390 (1989).  Municipal liability may derive from the establishment of a custom.  An unconstitutional custom creates liability even if the

---

[1] Additionally, "[r]espondeat superior imputes to a county sheriff no liability under Section 1983 for injury caused by the sheriff's employees." Greer v. Hillsborough County Sheriff's Office, 2006 WL 2535050, *3 (M.D. Fla. 2006).

[2] "Whether an official ha[s] final policymaking authority is a question of state law." Pembaur, 475 U.S. at   483.

custom receives no approval from a legislative body.  Generally, a custom arises if "policymakers knew about the widespread practice but failed to stop it."  Floyd v. Walters, 133 F.3d 786, 795 (11th Cir. 1998).

In this action, the plaintiff fails to establish the existence of a policy or custom.  The plaintiff fails to allege that the defendants' "policy or custom" of detaining an inmate subject to an ICE hold is consistent with a "decision by [the defendants'] properly constituted legislative body."  Additionally, the regulation providing for a forty-eight-hour detainer, 8 C.F.R. § 287.7, delegates no authority to the defendants.  This regulation is a federal regulation governing a federal agency.  Furthermore, the complaint alleges no basis for a claim based on a failure to train.

The plaintiff merely alleges that "deputy sheriff officers" and "deputy Kristen (last name unknown)" stated that "it was the custom and policy of the Polk County jail and Sheriff Grady Judd" to detain an inmate subject to an ICE hold.  Later in the complaint, the plaintiff ambiguously alleges that, during a telephone communication, the "defendants" again informed the plaintiff's counsel that "it is their policy, custom, and usage" to detain an inmate subject to an ICE hold.  However, the plaintiff fails to allege that he (or plaintiff's counsel) spoke directly with Sheriff Judd, Major Salybaugh, or some other official responsible for establishing final policy.

Additionally, a conclusory allegation of a single incident, without more, fails to establish a custom or policy.[3]  See Durham v. City of Erie, 171 Fed. App'x 412, 414 (3d

---

[3] Although the Eleventh Circuit imposes no heightened pleading requirement, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth — legal conclusions must be supported by factual allegations."  Randall v. Scott, 2010

(continued...)

Cir. 2006) ("[The plaintiff's] complaint includes nothing more than a conclusory allegation that [the defendant] has established an official policy or custom . . . . He provides only one incident as an example, his own."); Chin v. City of Baltimore, 241 F. Supp. 2d 546, 549 (D. Md. 2003) ("[T]he plaintiffs invite the court to infer, from one event, that the [defendant] caused the alleged constitutional wrong.  The court declines to accept this invitation.").  The plaintiff provides no factual allegation, other than conclusory statements as to the unconstitutional "custom and policy of the Polk County Jail and Sheriff Grady Judd to detain inmates[ ] for whom bond was posted when the inmate is not a U.S. citizen and subject to an ICE hold," to support the existence of an unconstitutional municipal policy.  Accordingly, the complaint is insufficient to state a claim under Section 1983 against Sheriff Judd.

In addition to the plaintiff's claim against Sheriff Judd, the plaintiff sues Major Salybaugh and acknowledges that the officer, like the Sheriff, "act[ed] in an official, governmental capacity."  As explained by Kentucky v. Graham, 473 U.S. 159, 165 (1985), "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.  Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting Monell, 436 U.S. at 690).  See also Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998) ("A Section 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").  Therefore, the plaintiff's claim against Major

---

$^3$(...continued)
WL 2595585, *7 (11th Cir. 2010).

Salybaugh effectively constitutes a claim against the municipality, the "entity of which [Major Salybaugh] is an agent." Because the plaintiff alleges no fact demonstrating that the municipality employed an unconstitutional policy or custom causing the violations in this action, the official-capacity claim against Major Salybaugh under Section 1983 lacks merit.

Assuming the plaintiff's vague and conclusory allegations are sufficient to establish a custom or policy, the plaintiff nonetheless fails to allege a constitutional violation. As recognized in the motion to dismiss, "[the p]laintiff does not challenge any aspect of his arrest or initial seizure." "The protections offered by the Fourth Amendment do not apply if the plaintiff challenges only continued incarceration." Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000). Accordingly, the plaintiff's Fourth Amendment claim fails.

The plaintiff's Fourteenth Amendment claims also lack merit. The complaint (in a "shotgun" manner) alleges violation of "due process" and appears to raise both procedural and substantive due process claims as well as an equal protection argument. First, the plaintiff argues that he "has a right to be protected against the taking of his liberty without due process," but the plaintiff subsequently argues that the defendants violated the plaintiff's "right . . . to a first appearance hearing, an opportunity for a Judge to independently find probable cause, [and] . . . the right to an attorney . . . ." However, Sanchez v. Campbell, 2010 WL 547620, *2 (N.D. Fla. Feb. 10, 2010), provides that "a deprivation of liberty pursuant to a valid arrest warrant will only be found unconstitutional if the totality of the circumstances, particularly the length of the

detention, would shock the conscience." Sanchez finds that a plaintiff's five-day detention prior to first appearance, pursuant to a valid arrest warrant, "does not shock the conscience and does not rise to the level of an unconstitutional deprivation of the [p]laintiff's liberty in contravention of the Fourteenth Amendment."  2010 WL 547620 at *3.

In furtherance of the due process claim, the plaintiff additionally argues that he "was denied due process because [the plaintiff] was a Mexican national," apparently integrating an equal protection claim into the plaintiff's due process argument.  The plaintiff's equal protection claim suggests, in conclusory fashion, that the defendants denied the plaintiff equal protection of the laws "by treating him differently than other bonded inmates simply because he is a Mexican national."  However, Akins v. Perdue, 204 Fed. App'x 839 (11th Cir. 2006), provides that "'[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who receive more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest.'" (quoting Jones v. Ray, 279 F.3d 944 (11th Cir. 2001)).  The plaintiff fails to adequately plead an equal protection claim.

## Conclusion

Because an official-capacity claim against Sheriff Judd and Major Salybaugh is a claim against the municipality, the plaintiff's Section 1983 action requires the plaintiff to establish that the municipality caused the constitutional violations alleged.  The plaintiff fails to establish that the municipality engaged in an unconstitutional policy or custom.  Additionally, the plaintiff fails to allege a constitutional violation and fails to otherwise

oppose the defendant's motion.  Accordingly, the motion to dismiss (Doc. 13) is **GRANTED** and this action is **DISMISSED**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on July 30, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE